UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CHARLES A. NETTLEMAN III,
an individual,

       Plaintiff,

vs.

FLORIDA ATLANTIC UNIVERSITY,
a public university,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, CHARLES A. NETTLEMAN III ("Plaintiff" or "Dr. Nettleman"), by and through undersigned counsel, hereby files his Complaint against Defendant, FLORIDA ATLANTIC UNIVERSITY ("Defendant" or "FAU"). In support thereof, Plaintiff states as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff brings this action against Defendant for Copyright Infringement, for Alteration of Copyright Management Information, and for Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## **THE PARTIES**

2.     Plaintiff is an individual residing in Nueces County, Texas.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

3.      Upon information and belief, Defendant is a public university and state entity headquartered in Boca Raton, Florida. Defendant operates satellite campuses in Broward County, Palm Beach County, and St. Lucie County, Florida.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

5.      This Court also has jurisdiction over the subject matter of this suit because it arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

6.      Venue is proper in Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendant FAU is located and headquartered in Palm Beach County and the cause of action accrued in Palm Beach County.

7.      In addition, Defendant conducts regular, ongoing business within this District.

## FACTUAL BACKGROUND

**The Parties' History**

8.      Dr. Nettleman is a land surveying engineer and professor of geomatics who has taught at various universities over the past decade. In the course of teaching, Dr. Nettleman has developed his own teaching materials.

9.      In 2008, Plaintiff created a package of teaching materials (the "Materials") including PowerPoint slides, laboratory exercises, homework assignments, lists of internet resources, quizzes, and exams.

10.     Plaintiff uses the Materials to teach continuing education courses to land surveyors, engineers, and attorneys. He also licenses the Materials to various colleges and universities on a per-semester basis.

11.     Dr. Nettleman registered the Materials with the United States Copyright Office - Copyright Reg. No. TX0007969504.

12.     In summer 2014, Plaintiff was hired an adjunct professor at FAU to teach Fundamentals of Surveying for the Fall 2014 semester.

13.     He used the Materials to teach the class and uploaded the materials to "Blackboard," an online learning-management system used by Defendant.

14.     Blackboard allows for professors to teach online courses and share course content with students. It also allows for students to keep in contact with their professors and with each other. For any given course, the Blackboard is accessible only by the professor-of-record, the enrolled students, FAU's internet technology support staff, and the program dean.

15.     In December 2014, Dr. Yan Yong, Chair and Professor in the Department of Civil, Environmental & Geomatics Engineering, asked Dr. Nettleman if Dr. Nettleman would allow for the Materials to be used by the professor who would be teaching Fundamentals of Surveying in the Spring 2015 semester.

16.     When Dr. Yong made this request, Plaintiff had already declined Defendant's offer to teach Fundamentals of Surveying in Spring 2015 because he had accepted a full-time teaching position with a different university.

17.     Plaintiff responded to Dr. Yong that he licenses his copyright-protected Materials for a fee to other learning institutions, and as a result, he would be unable to allow the Materials to be used by FAU free of charge.

18.     Dr. Yong never replied to Dr. Nettleman's response, after which time Plaintiff reasonably expected that the conversation was over.

19.     The parties went their separate ways during much of 2015.

20.     However, during the Fall 2015 semester, the professor who was teaching Fundamentals of Surveying was deported. Apparently, he did not have the proper credentials to legally work in the United States.

21.     Defendant contacted Dr. Nettleman to request that he fill in for the other professor by teaching Fundamentals of Surveying for the remainder of the Fall 2015 semester.

22.     Plaintiff agreed, and as a result, was given access to the Blackboard learning management system for the Spring 2015 Fundamentals of Surveying course.

23.     When Dr. Nettleman logged onto Blackboard, he found that his predecessor had been using the Materials to teach the Fall 2015 semester.

24.     Consequently, Plaintiff requested access to the Spring 2015 Fundamentals of Surveying course. Upon being granted access, he discovered that many of his Materials had been used to teach the Spring 2015 semester course as well.

25.     Dr. Nettleman then requested access to the materials which had been used to teach the Summer 2015 semester. The professor who taught during that summer shared a digital folder of materials with Plaintiff via Dropbox, a file-hosting and cloud-computing service. Plaintiff discovered his Materials in the Dropbox folder.

26.     Thus, FAU allowed the Materials to be used for the Summer 2015 semester.

27.     To date, Dr. Nettleman has never authorized, nor received compensation for, the use of his Materials for the Spring 2015, Summer 2015, and Fall 2015 semesters.

**FAU's Intellectual Property Policy**

28.     FAU's Office of Technology Transfer instituted a policy pertaining to intellectual property in March 2004. Portions of the policy (the "IP Policy") were amended in January 2011. The Office of Technology Transfer became the Office of Technology Development in July 2013. However, the substance of the IP Policy has not changed. A copy of the IP Policy is attached hereto as Exhibit A.

29.     The IP Policy is retroactively effective as of August 16, 2001, and has continuously been in effect since the time of its adoption.

30.     The IP Policy notes "the long-standing academic tradition . . . that treats the faculty member as the copyright owner of works that are created independently and at the faculty member's own initiative for traditional academic purposes." *See* Exhibit A at 3.

31.     The IP Policy applies to "University Personnel," the definition of which includes full-time and part-time employees and faculty such as Dr. Nettleman. *See id.* at 4.

32.     The IP Policy sets forth various other definitions, including one for "Independent Efforts." This phrase "means that the ideas for the Work came from the Creator(s), [and] the Work was not made with the use of University Support . . ." *See id.* at 5.

33.     Under the IP Policy, a "Work" consists of any copyrightable material, including copyrightable material that is used to assist or enhance instruction. *See id.* at 4.

34.     A "Creator" is a member of University Personnel who creates a Work. *Id.* at 5.

35.      "University Support" includes the use of FAU's funds, personnel, facilities, equipment, materials, or technological information, and includes such support provided by other organizations when it is arranged, administered, or controlled by FAU.  *Id.*

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

36.     In accordance with these definitions, Dr. Nettleman's Materials, which were developed and completed long before he ever began working for FAU, is an Independent Effort.

37.     The IP Policy asserts that "[a] Work that is made in the course of Independent Efforts is the property of the Creator." *Id*. at 7.

38.     Thus, Defendant acknowledges that Dr. Nettleman's Materials are his personal property and not that of the university.

39.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

<u>**SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF**</u>

<u>**COUNT I – COPYRIGHT INFRINGEMENT**</u>

40.     Plaintiff adopts and incorporates the allegations of all preceding paragraphs as if fully set forth herein.

41.     Dr. Nettleman owns a valid copyright registration for the Materials, which were impermissibly copied, displayed, and distributed by Defendant.

42.     Plaintiff has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Materials.

43.     Defendant has copied, distributed, and/or displayed the Materials for its own commercial use, in violation of 17 U.S.C. § 106 et seq.

44.     In violating 17 U.S.C. § 106 et seq., FAU is infringing on Dr. Nettleman's copyright in accordance with 17 U.S.C. § 501.

45.     FAU is also violating its own IP Policy.

46.     Upon information and belief, Defendant's infringement is ongoing and continues to occur.

47.     Each infringement of Dr. Nettleman's work by FAU constitutes a separate and distinct act of infringement.

48.     Defendant's infringement of Dr. Nettleman's work is willful, in disregard of, and with indifference to the rights of Plaintiff.

49.     The infringement has caused Plaintiff to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

50.     As a direct and proximate result of Defendant's acts of copyright infringement, Dr. Nettleman is entitled to damages in amounts to be determined at trial.

51.     Plaintiff is also entitled to recover his attorneys' fees and full costs pursuant to 17 U.S.C. §505.

52.     In addition, Dr. Nettleman is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting Plaintiff's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of Plaintiff; and

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendant created the Materials or that Defendant's use thereof is in any way endorsed by Plaintiff;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendant be required to turn over any Materials bearing any copyrights;

c. Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant be required to deliver up for destruction all physical products in their possession bearing Plaintiff's copyrights or any colorable imitation thereof;

d. Plaintiff recover Defendant's profits as well as the damages sustained by Plaintiff due to Defendants' infringement of Dr. Nettleman's copyright, such amount of profits and damages to be trebled;

e. Defendant be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction;

f. This Court award Plaintiff such damages, including compensatory and punitive damages, as are appropriate in view of Defendant's conduct, including its willfulness;

g. Defendant be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees and disbursements;

h. Plaintiff be awarded statutory damages, pursuant to the Copyright Act; and

i. Plaintiff will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT II – ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### (Violation of 15 U.S.C. § 1202(a))

53.    Plaintiff adopts and incorporates the allegations of paragraphs 1-39 as if fully set forth herein.

54.    Copyright management information ("CMI"), as defined by the Digital Millennium Copyright Act, is information conveyed with a copyrighted work which identifies the owner and nature of the copyright.

55.    Dr. Nettleman's Materials include CMI in the form of a copyright notice placed at the bottom of nearly every page in the Materials.

56.    FAU removed CMI from the Materials before posting the materials to Blackboard for other professors to access and use.

57.    Defendant knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided and/or distributed false CMI which fails to show the true owner of the copyright.

58.    Defendant unlawfully, intentionally removed and/or altered the CMI for the Materials without Plaintiff's authority.

59.    FAU unlawfully and without authority has copied and distributed the Materials, with the knowledge that the CMI has been removed or altered without permission from Plaintiff, the copyright owner.

60.    The natural, probable and foreseeable consequence of FAU's wrongful conduct is to deprive, and to continue to deprive, Dr. Nettleman of the benefits of his intellectual property, and his ability to license, market, and promote the Materials.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

61.     Defendant knew or should have known that persons uploading or downloading the Materials to or from the Blackboard system would be directly infringing Plaintiff's copyrights under 17 U.S.C. § 106.

62.     FAU knew or should have known that each download from Blackboard would violate the integrity of Plaintiff's CMI under 17 U.S.C. § 1202.

63.     FAU received, and continues to receive, a direct financial benefit from these violations.

64.     By distributing the Material, or otherwise inducing its infringement, Defendant is a vicarious and/or contributory violator of the integrity of Dr. Nettleman's CMI.

65.     Defendant's willful, intentional, deliberate, and malicious violations of the integrity of the CMI have damaged and continue to damage Dr. Nettleman in a manner that is irreparable in nature.

 66. Plaintiff is without an adequate remedy at law.

**WHEREFORE,** Plaintiff prays that the Court:

a. Order Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from altering or omitting Plaintiff's CMI from the Materials;

b. Order the cessation, impoundment, and destruction of any device or product involved in Defendant's CMI violations;

c. Award, at Dr. Nettleman's election, actual damages and FAU's profits, or statutory damages for each violation;

d. Award costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

e. Grant such other and further relief as this Court deems just, fair, and equitable.

## COUNT III – VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT

67.     Plaintiff adopts and incorporate the allegations of all preceding paragraphs as if fully set forth herein.

68.     Dr. Nettleman enjoys a constitutionally-protected property interest in his Materials.

69.     Defendant has directly, blatantly, intentionally, and repeatedly deprived Plaintiff of his constitutionally-protected property interest without due process of law, either pre- or post-deprivation.

70.     Defendant knows Dr. Nettleman's identity and was aware prior to depriving him of his property interest, that Plaintiff licenses the Materials.

71.     FAU provided no notice whatsoever as to the use of Dr. Nettleman's property, after having been specifically asked not to use said property (the Materials).

72.     FAU has enacted multiple procedures purposed to deprive Plaintiff of his property interest in his copyrights.

73.     Defendant intentionally and deliberately ignored Dr. Nettleman's response to FAU's inquiry about using his Materials, in order to use the Materials without detection by him and without having to compensate him.

74.     Defendant intentionally and deliberately allowed other professors to access and disseminate the Materials via the Blackboard learning-management system, furthering the infringement.

75.     The limits placed on access to Blackboard—that is, that only professors and their students can see the materials posted thereon—are designed to prevent Plaintiff and similarly-situated others from becoming aware of the infringement.

76.     It is foreseeable that when FAU acts pursuant to these procedures, an individual like Plaintiff will be deprived of his or her constitutionally-protected property interest(s).

77.     FAU also failed to provide adequate remedies for the infringements after they occurred.

78.     Defendant's own IP Policy does not set forth any procedures or remediation scheme for when FAU infringes upon a Creator's Independent Efforts, as defined in the IP Policy.

79.     FAU declined to even discuss the merits of Dr. Nettleman's allegations when given the opportunity to take corrective action. *See* the demand letter to FAU attached hereto as Exhibit B.

80.     Further, the State of Florida has no statutory scheme or claims-review procedure to address either copyright infringement or a federal civil rights claim, both of which are federal causes of action.

81.     Plaintiff has been damaged by Defendant's repeated and ongoing violation of his constitutionally-protected rights in his copyrighted Materials.

**WHEREFORE**, Plaintiff pray that:

a. Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from using, distributing or otherwise exploiting the Materials;

b. This Court award damages to Plaintiff in an amount to be determined at trial, including punitive damages in light of FAU's conduct; and

c. This Court provide such other and further relief as this Court deems just, fair, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury for all issues so triable.


Dated: July 27, 2016                                    Respectfully submitted,

                                                         By: s/ Lorri Lomnitzer
                                                         Lorri Lomnitzer
                                                         Florida Bar No.: 37632
                                                         Lorri@Lomnitzerlaw.com
                                                         THE LOMNITZER LAW FIRM, P.A.
                                                         7999 N. Federal Highway, Suite 200
                                                         Boca Raton, FL 33487
                                                         Telephone: (561) 953-9300
                                                         Direct: (561) 953-9301
                                                         Fax: (561) 953-3455
                                                         *Attorneys for Plaintiff*